EX PARTE PANTALEONA ET AL.

APPEAL from the District Court of Mayagüez.

No. 87.—Decided February 5, 1907.

DOMINION TITLE—INITIAL PETITION.—Where in the initial petition in proceedings to obtain dominion title the property involved therein is described, and the nature, situation, measurement, boundaries, and the nature of the adjoining properties are stated, and the equivalent of the measurement in the Island is given in the metric system, the petition is sufficient for the purposes of such proceedings, and it is not necessary to refer to specific points in the locality to identify the property as, although this is convenient, it is not obligatory.

The facts are stated in the opinion.        .    ·
*Mr. Rossy, fiscal,* for appellant.
The respondent did not appear.
MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.
María Pantaleona and Nemesio Feliciano, known also as Pérez, instituted proceedings in the District Court of Mayagüez for the purpose of establishing the ownership of a parcel of land which they describe in the following form:

"A lot or tract of land consisting of one-half *cuerda,* equivalent to 19.65 *ares* planted to coffee, fruit trees ánd bananas, situated in the *barrio* of Maricao Afuera, municipal district of Maricao, judicial district of San Germán, containing a frame house, roofed with galvanized

iron, having a frontage of 18 varas and a depth of 8½ varas, a masonry oven for baking bread, having a frontage and depth of 3¾ varas, and adjoining on the east, south and west, lands belonging to Pablo Coronado, and on the north, the Maricao highway."

The petitioners state that they acquired said parcel of land by private sale from Bruno Pérez, who died on August 29, 1903, who in turn had acquired it from Antonio Castillo in the year 1893; that no title of ownership was given in these contracts of purchase and sale; that the land in question is not subject to any lien or encumbrance, and that it is valued at $220.

The *fiscal* of said court contested the said proceedings, alleging as the only reason for his opposition, that the metric measurement of the area of the plantation in relation to the measurement in common use, was incorrectly stated in the petition, and that not only were the metes and bounds of the parcel not described in a precise manner, but that no refer-ence was made to specific points in the locality which would permit of the identification of said property, thus violating Rule I of article 9 of the Mortgage Law, and Rule II of article 63 of the Regulations for the execution thereof.

The judge, by order of September 17, 1906, held that the ownership of the property had been established in favor of the petitioners, María Pantaleona and Nemesio Feliciano, by the evidence presented, and directed that a certified copy of said order be issued to them as soon as it became final, for record in the registry of property. The *fiscal* of the Mayagüez court took an appeal from this order, which appeal the *fiscal* of this Supreme Court has upheld here upon the same grounds that were advanced in the first instance.

We have examined the provisions of law alleged to have been violated—that is to say, Rule I of Article 9 of the Mortgage Law, and Rule II of Article 63 of the Regulations for its execution—and we find no ground for the opposition of the *fiscal* to the proceedings to establish ownership, because in their initial petition they state the kind of land the ownership

of which it is sought to establish, its situation, area and boundaries, and the character of the adjoining properties, nor do we find that any error has been committed in the determination of the equivalent of the area of the land, and furthermore, there is no provision of law which requires that reference be made to specific points in order to facilitate the identification of an estate, which may be advisable but not obligatory.

Similar cases in which we have announced the same doctrine are No. 79, *Agustín Hernández Mena* v. *The People of Porto Rico* (11 P. R. Rep., p. 1), and No. 81, *Juan Antonio Pesante* v. *The People of Porto Rico* (11 P. R. Rep., p. 4), both decided by this Supreme Court on January 19 last.

For the reasons stated, the decision of the District Court of Mayagüez of September 17, 1906, should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.